

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Kenneth M. Clark
County Auditor
Ward County
Monahans, Texas

Dear Sir:

Opinion No. O-3022
Re: Is an expenditure of over
$2,000.00 for the construc-
tion of an exhibit build-
ing on which competitive
bids were asked and receiv-
ed and the contract was let
to the lowest bid received,
void when the contract was
let without advertising for
bids?

Your recent request for an opinion of this de-
partment on the above stated question has been received.

We quote from your letter as follows:

"As soon as possible will your department
please advise me whether or not an expenditure
of over $2,000.00 for the construction of an
exhibit building on which competitive bids were
asked and received and let to the lowest bid
received but was not advertised void.

"I wish to thank you and refer you to your
opinion No. O-2955 which you rendered me recent-
ly on the construction of an exhibit building
costing $2,500.00.

"This contract was let to the lowest and
best bidder and building completed but the bids
were not advertised for in the paper and if you
will wire me collect saying whether or not con-
tract is good or not and if I can or can not
legaly approve same. I will certainly appreciate
it."

Honorable Kenneth M. Clark, Page 2

Section 2, of Article 2368a, Vernon's Annotated Civil Statutes, reads in part as follows:

"Sec. 2. No county acting through its Commissioners' Court, and no city in this State, shall hereafter make or enter into any contract or agreement for the construction of any public building, or the prosecution and completion of any public work requiring or authorizing any expenditure in excess of Two Thousand Dollars ($2,000.00), creating or imposing an obligation or liability of any nature or character upon such county, or any subdivision of such county, or upon such city, without first submitting such proposed contract or agreement to competitive bids. Notice of time and place when and where such contract shall be let shall be published in such county (if concerning a county contract, or contract for such subdivision of such county) and in such city (if concerning a city contract), once a week for two consecutive weeks prior to the time set for letting such contract, the date of the first publication to be at least fourteen days prior to the date set for letting said contract, and said contract shall be let to the lowest responsible bidder, on the respective type of construction selected. * * * If there is no newspaper published in such county, the notice of the letting of such contract by such county shall be given by causing notice thereof to be posted at the County Courthouse door for fourteen (14) days prior to the time of letting such contract. * * *

"Any and all such contracts or agreements hereafter made by any county or city in this State, without complying with the terms of this Section, shall be void, and shall not be enforceable in any Court of this State, and the performance of same and the payment of any money thereunder may be enjoined by any property tax-paying citizen of such county or city."

For the purposes of this opinion, under the facts stated in your letter, we assume that the Commissioners'

Court contracted for the construction of the exhibit building as a "turnkey" proposition and did not purchase the material and employ "day labor" to construct the same as indicated in a former letter from you requesting our opinion on certain questions which were answered in our opinion No. O-2955.

Section 2 of Article 2368a, supra, specifically provides that any and all such contracts or agreements made by any county without complying with the terms of said Section shall be void. Under the facts stated in your letter, the above mentioned section of the statute was not complied with with reference to giving notice or advertising for bids as provided therein, therefore, you are respectfully advised that it is the opinion of this department that the above mentioned contract is void.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:LM

APPROVED JAN 18, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS